RONALD K. ALBERTS (SBN: 100017)
ralberts@grsm.com
NORVIK AZARIAN (SBN: 325315)
nazarian@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
METROPOLITAN LIFE INSURANCE COMPANY

RICHARD JOHNSTON (SBN: 124524)
JOHNSTON LAW OFFICE
131A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone: (707) 939-5299
Richard.Johnston@Johnston-Law-Office.com

Attorneys for Plaintiff
KATHY E. HOTCHKISS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHY E. HOTCHKISS,<br><br>             Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>             Defendant. | CASE NO.  4:22-cv-02392-DMR<br>Hon. Donna M. Ryu<br><br>***JOINT CASE MANAGEMENT STATEMENT***<br><br>Date: July 20, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 4 |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiff KATHY E. HOTCHKISS ("Ms. Hotchkiss") and Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") hereby submit the following Joint Case Management Statement:

Case No.: 4:22-cv-02392-DMR  1  JOINT CASE MANAGEMENT STATEMENT

1. **JURISDICTION AND SERVICE**

This is an ERISA complaint regarding the termination of long-term disability benefits under an employer-provided group benefit plan. Jurisdiction rests under 28 U.S.C. § 1331 and 29 U.S.C. § 1132. There are no special issues with respect to venue or personal jurisdiction. Ms. Hotchkiss filed the Complaint on April 18, 2022. MetLife answered the Complaint on July 12, 2022.

2. **FACTS**

**Ms. Hotchkiss's Statement of Facts:** Ms. Hotchkiss, a medical coder at a Sutter Health facility, suffered from the lingering effects of a previously injured back, along with a constellation of other medical conditions. In October 2018 her condition caused her to stop working; she was 69 years old at the time. She attempted to return to work in March 2019, but was unable to do so, again because of her medical condition. So, she sought LTD benefits under the Metlife policy provided by Sutter as a benefit of her employment.

After she submitted her LTD claim, MetLife's own physician consultant concluded that she could sit for only 20 minutes at a time for a total of four hours per day, among other limitations. He stated that "considering the claimant's long history of musculoskeletal problems and her age along with a diagnosis of degenerative disc disease cervical, thoracic, and lumbar, and cervical radiculopathy, she requires activity restrictions and limitations." These restrictions and limitations, he said, would be in place for the "present and beyond."

In August 2019 MetLife approved Ms. Hotchkiss's LTD claim. She continued to receive appropriate medical care for her conditions, but starting in March 2020 the COVID-19 crisis restricted her access to medical care, and the frequency of her consultations diminished.

In March 2021 Metlife terminated her disability benefits, based on input from two of its staff registered nurses. The nurses stated that the fact that the frequency of her medical care had diminished during 2020, coupled with the "normal" results of a so-called get-up-and-go test (a measure neither designed nor appropriate for evaluating disability), indicated that Ms. Hotchkiss

was not disabled after all.

Ms. Hotchkiss, through counsel, submitted an internal administrative appeal to MetLife in November 2021. In December 2021 MetLife sent counsel a series of letters. This included a December 9, 2021 letter that conveyed a file-review report by a physician consultant, and demanded that any response on Ms. Hotchkiss's behalf be received by MetLife no later than December 19. On December 15, counsel emailed Metlife, asserting among other things that MetLife's unilateral deadline, "especially in the middle of the holidays, is unreasonably short and we will require more time to secure a response." On December 28, MetLife again wrote to counsel, granting itself additional time, and noting that it had provided consultant reports and that it "may require additional time to review any responses received from you." Metlife also stated "You can expect to receive a final decision by February 20, 2022."

In a January 5, 2022 letter, however, MetLife denied the appeal; Ms. Hotchkiss had not yet submitted any additional substantive input. The stated basis for this decision differed from the initial denial: Metlife invoked not the reduced frequency of medical treatment but the physician consultant report first provided to Ms. Hotchkiss's counsel on December 9, 2021.

Although contractually entitled to do so, Metlife never had Ms. Hotchkiss examined by a physician or other practitioner of its choosing, instead basing its determinations on file reviews alone.

**MetLife's Statement of Facts:**  MetLife asserts that it properly terminated Ms. Hotchkiss' long-term disability benefits pursuant to the information provided during the claims administration process and pursuant to the terms of the Plan, and did not breach its fiduciary duties.

### 3. LEGAL ISSUES

The legal issues include the following:

**Ms. Hotchkiss's issues:**

1) Did MetLife comply with ERISA's statutory and regulatory requirements for claims

and appeal processing?

2) Did MetLife err in its analysis of the claim file, including:

    a. Rendering a decision that was against the great weight of the evidence, *see Maher v. Aetna Life Ins. Co.,* 2016 WL 2937476, *5 (W.D. Wash.), *Delaney v. Prudential Ins. Co. of Am.,* 68 F. Supp. 3d 1214, 1230 (D. Or. 2014);

    b. Acting in an unduly adversarial manner and cherry-picking the evidence, *see Merklin v. Liberty Life Assurance Co. of Boston*, 136 F. App'x 29, 33–34 (9th Cir. 2005), *Ratkovic v. Northrop Grumman Corp. Employee Welfare Ben. Plan,* 2009 WL 453056, *11 (C.D. Cal.);

    c. Placing undue emphasis in a perceived "gap" in medical treatment, when that "gap' was easily explained by the impact of COVID-19, *see Trevizo v. Berryhill,* 871 F.3d 664, 680 n.8 (9th Cir. 2017), *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996);

    d. Crediting the opinions of nurse consultants over the expressed views of treating physicians, *see Laurie v. United of Omaha Life Ins. Co.,* 2017 U.S. Dist. LEXIS 35430, at *40-42 (D. Or.), *Barbu v. Life Ins. Co. of N. Am.,* 35 F. Supp. 3d 274, 290 (E.D.N.Y. 2014);

    e. Failing to take account of Ms. Hotchkiss's age, *see Mackey v. Liberty Life Assurance Co.,* 168 F. Supp. 3d 1162, 1171 (W.D. Ark. 2016), *Poulos v. Motorola Long Term Disability Plan,* 93 F. Supp. 2d 926, 933 (N.D. Ill. 2000).

3) Were the medical and vocational consultation reports on which Metlife based its determinations too conclusory and devoid of analysis and explanation? See 29 CFR 2560.503-1(j)(6)(i)(A); *Maher v. Aetna Life Ins. Co.,* 186 F. Supp. 3d 1117, 1129-30 (W.D. Wash. 2016).

4) Did Metlife violate its fiduciary duties under ERISA?

5) Is Ms. Hotchkiss entitled to injunctive or other equitable relief?

**MetLife's issues:**

1) Whether MetLife correctly terminated Ms. Hotchkiss' long-term disability benefits pursuant to the terms of the Plan.

2) Whether Ms. Hotchkiss is entitled to simultaneously pursue her claim for Plan benefits and for breach of fiduciary duties and if so, whether MetLife breached its fiduciary duties.

**4. MOTIONS**

There are no pending or prior motions.

**5. AMENDMENT OF PLEADINGS**

No amendments are anticipated at this time. However, the parties reserve their rights to amend the pleadings at a later date if circumstances so warrant.

**6. EVIDENCE PRESERVATION**

Counsel for Ms. Hotchkiss and MetLife have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Counsel confirm that they have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

**Ms. Hotchkiss's statement:**

Ms. Hotchkiss maintains that initial disclosures are required in this matter. First, the fact that the matter is governed by ERISA does not excuse the parties from compliance with initial-disclosure requirements. See, e.g., *Snyder v. Unum Life Ins. Co. of Am.,* 2014 U.S. Dist. LEXIS 181886, at *9 (C.D. Cal.). Moreover, any discovery limitations that might apply to a benefits claim do not apply to a claim for breach of fiduciary duty, also included in Ms. Hotchkiss's complaint. Rule-26 obligations are thereby triggered here regardless of any principles specific to

benefit claims. See *McNelis v. Prudential Ins. Co. of Am.,* 2020 U.S. Dist. LEXIS 155222, at *3 (W.D. Wash.). Ms. Hotchkiss requests that the Court order the parties promptly to make initial disclosures under Rule 26(a).

**MetLife's Statement:**

MetLife contends that this action is exempt from initial disclosures under Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure because it is an action for review on the administrative record. MetLife will produce a copy of the Administrative Record to Ms. Hotchkiss' counsel on or before August 12, 2022.

**8. DISCOVERY**

**Ms. Hotchkiss's Statement:**  Respecting her first cause of action for ERISA disability benefits, Ms. Hotchkiss proposes to pursue discovery as appropriate for a de novo ERISA case. *See, e.g., Opeta v. Northwest Airlines Pension Plan for Contract Employees,* 484 F.3d 1211, 1217 (9th Cir. 2007). Respecting her second cause of action for injunctive or other equitable relief, she proposes to conduct discovery into Metlife's policies and practices pertinent to the breaches alleged in the complaint, to include: its consideration and response to claimants' contentions of unlawful conduct on Metlife's part; the consideration of a claimant's age; reliance on the opinions of registered nurses to overrule and disregard the opinions of treating physicians; and approaches to evaluating claims of debilitating pain. Ms. Hotchkiss notes that any perceived limitations on discovery because the matter is governed by ERISA are inapplicable to her fiduciary-breach claim. *See McNelis, supra.*

**MetLife's Statement:**  This is an action to recover benefits under an ERISA-regulated Plan. Accordingly, MetLife believes that discovery should be limited to the exchange of the Administrative Record, and that no expert discovery is required in this ERISA matter. *Kearny v. Standard Ins. Co.,* 175 F.3d 1084, 1094-95 (9th Cir. 1999); *Steiner v. Hartford Life and Accident Ins. Co.,* 2004 U.S. LEXIS 20022 (N.D. Cal. June 4, 2004).

In addition, the parties do not presently anticipate that there will be issues regarding the

disclosure or discovery of electronically stored information. The parties do not anticipate that there will be issues about claims of privilege. The parties agree to meet and confer in an attempt to resolve those issues should they arise.

The parties agree that no expert discovery is required in this ERISA matter.

### 9. CLASS ACTIONS

This is not a class action.

### 10. RELATED CASES

There are no known related cases.

### 11. RELIEF

**Ms. Hotchkiss's Statement:**

Ms. Hotchkiss seeks the following as relief for her first claim: (1) an award of all benefits wrongfully withheld (current absolute value, excluding interest, of $55,588.84), with pre-judgment and post-judgment interest thereon; (2) a clarification of her entitlement to ongoing LTD benefits; (3) an award of attorney fees and costs of suit as authorized by statute; and (4) for such other and further relief as the court may deem proper.

Ms. Hotchkiss seeks the following as relief for her second claim: (1) an order enjoining the alleged improper acts and practices, or such other equitable or remedial relief with respect to Ms. Hotchkiss and LTD Plan as the Court may deem appropriate, including but not limited to the issuance of an injunction:

- Prohibiting MetLife from denying or terminating claims without taking substantive account of the claimant's age.
- Prohibiting MetLife from denying or terminating claims for benefits, without affording the claimant an opportunity to be examined by a physician or other appropriate practitioner of MetLife's choosing, in cases where the claimant's own treating physicians and/or practitioners unanimously opine that the claimant is unable to work.

• Requiring that MetLife, when advised in connection with a pending ERISA benefit claim that its conduct violates the law, conduct a good-faith analysis and evaluation of the merit of any such contention and provide a substantive response to the party issuing any such contention.

• Prohibiting MetLife from omitting consideration of a claimant's complaints of debilitating pain in determining a claimant's ability to perform occupational functions and requiring that MetLife evaluate in good faith the credibility and impact of such pain complaints;

(2) an award of attorney fees and costs of suit as authorized by statute; and (3) for such other and further relief as the Court may deem proper.

**MetLife's Statement:** MetLife seeks the following relief: (1) that judgment be entered in favor of MetLife; (2) that Ms. Hotchkiss be awarded nothing; (3) that MetLife be awarded costs and reasonable attorneys' fees from Ms. Hotchkiss; and (4) for such other and further relief as this Court may deem just and proper.

## 12. SETTLEMENT AND ADR

Ms. Hotchkiss and MetLife have begun informal settlement discussions and believe that they may be able to resolve the matter among themselves. The parties request a referral to court-sponsored mediation.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*  _X_ YES ___ NO

## 14. OTHER REFERENCES

Ms. Hotchkiss and MetLife agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

**15. NARROWING OF ISSUES**

The parties do not currently perceive a need for further narrowing of the issues.

**16. EXPEDITED TRIAL PROCEDURE**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. SCHEDULING**

The parties jointly propose the following schedule, subject to Court approval and/or modification by the Court. Additionally, since this is an ERISA matter, a pre-trial conference is unnecessary and the parties request relief from the pre-trial requirements. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-95 (9th Cir. 1999).

a. ADR deadline: October 18, 2022

b. Cross-Motions for Judgment under Rule 52:

- Ms. Hotchkiss' deadline to file Motion: November 3, 2022
- MetLife's deadline to file Opposition and Motion: November 17, 2022
- Ms. Hotchkiss deadline to file Reply and Opposition: December 1, 2022
- MetLife's deadline to file Reply: December 8, 2022

c. Half-day bench trial/hearing on December 22, 2022 at 1:00 p.m.

**18. TRIAL**

The parties agree that this case is to be tried by the Court. They believe that this case can be resolved on dispositive motions under Rule 52 of the Federal Rules of Civil Procedure, with a one-half day hearing/bench trial on briefing submitted to the Court pursuant to the schedule set forth in Section 17.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Ms. Hotchkiss's Statement**: Ms. Hotchkiss has filed her Certification of Interested Entities or Persons (Dkt. No. 13). She knows of no interested entity or person.

**MetLife's Statement**: MetLife filed its Certificate of Interested Entities or Persons (Dkt.

No. 12), certifying that it is not aware of any other individual or entity, other than those named in this case and Sutter Health, with an interest in the outcome of the proceedings.

### 20. PROFESSIONAL CONDUCT

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER ISSUES

The parties identify no other issues in this matter at this time.

Dated:  July 13, 2022                                    JOHNSTON LAW OFFICE

                                                       By:  */s/ Richard Johnston*
                                                            Richard Johnston

                                                            Attorneys for Plaintiff
                                                            KATHY E. HOTCHKISS

Dated:  July 13, 2022                                    GORDON REES SCULLY MANSUKHANI, LLP

                                                       By:  */s/ Ronald K. Alberts*
                                                            Ronald K. Alberts
                                                            Norvik Azarian

                                                            Attorneys for Defendant
                                                            METROPOLITAN LIFE INSURANCE COMPANY

### ATTESTATION OF E-FILED SIGNATURE

I, Ronald K. Alberts, am the ECF user whose ID and password are being used to file this Joint Case Management Statement.  In compliance with Local Rule 5-1(h)(3), I hereby attest that Richard Johnston, counsel for Plaintiff, has concurred in this filing.

                                                       By:  *s/Ronald K. Alberts*
                                                            Ronald K. Alberts